THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RAFFAELE PAGLIACCETTI, Appellant.

First Department, December 19, 1968.

*Michael L. Ingram* of counsel (*Charles Spar,* attorney), for appellant.

*David Otis Fuller, Jr.,* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

CAPOZZOLI, J. Appellant contends that he was not accorded the second offender warning required by section 335-c of the Code of Criminal Procedure and that, therefore, his conviction is void.

The record shows that, before the plea of guilty was accepted, the court addressed the defendant as follows: " Now, the record should reflect, Mr. Pagliaccetti, that the Court indicated to your lawyer, in the presence of the district attorney, that if your conviction of these two felonies renders you subject to multiple felony punishment, that is if you have a prior felony conviction which subjects you to multiple felony punishment, this court would be disinclined to impose consecutive sentences."

It is settled law that, if the warning required by the aforesaid section is not given, the conviction is void. (*People ex rel. Colan* v. *La Vallee,* 14 N Y 2d 83; *People* v. *Jordan,* 27 A D 2d 584.)

In the case of *People ex rel. Johnson* v. *La Vallee* (18 N Y 2d 911) a case which considered the same question as is raised herein, the court, before accepting the plea of guilty, advised the defendant as follows: " Robbery in the third degree is a felony. I am telling you that because if you have any previous felony convictions you must be sentenced as a multiple felony offender." The court asked defendant if he understood and the latter replied that he did and, thereupon, entered his plea of guilty.

He was later adjudicated and sentenced as a second felony offender. On appeal the defendant argued that the warning given to him by the County Court, at the time of his plea of guilty, did not meet the requirement of the section and, while agreeing that no exact form of words is necessary to give this warning, the court remanded the case to the County Court for

**152**

a hearing at which the defendant's comprehension of the admonition given to him was to be determined as a fact. The court noted that the effectiveness of the warning may depend on the understanding of the accused of the effect of what the Judge said to him at the time he entered the plea.

The language used by the court below, at the time of taking the plea in the case at bar, is clearly not as forceful as the language used in *People ex rel. Johnson* v. *La Vallee* (*supra*). One might well regard the language used by the court below as being more in the nature of a promise of leniency, viz: " this court would be disinclined to impose consecutive sentences ".

Therefore, under the circumstances disclosed, the conviction of defendant should be reversed on the law and the matter remanded for a hearing on the issue of defendant's understanding of the language employed by the court when he entered the plea.

EAGER, J. P., McGIVERN and McNALLY, JJ., concur; TILZER, J., dissents and votes to affirm.

Judgment of conviction reversed, on the law, and the matter remanded for a hearing on the issue of defendant's understanding of the language employed by the court when he entered the plea.